COMMONWEALTH *vs.* CARLOS RIVERA. No. 89-P-1170. October 4, 1990. *Evidence*, Relevancy and materiality, Hearsay, Credibility of witness. *Practice, Criminal*, Failure to make objection, Instructions to jury, Argument by prosecutor.

The defendant was shot and seriously wounded by two Boston police officers in the course of a foot chase at 3:00 A.M. through the streets of Jamaica Plain. Essentially, the issue before the jury at trial was whether the police officers were truthful in testifying that the defendant had turned towards them and pointed a gun when they shot him. The defendant testified that the police officers shot him in the back after he had taken a gun from his pocket and was throwing it away. The jury found the defendant

---

guilty of two charges relating to possession of the gun and one of two counts of assault by means of a dangerous weapon. Only the conviction for assault by means of a dangerous weapon is before us on appeal. The defendant contends that error occurred when the jurors were informed during the course of the trial that the officers had been awarded medals of honor for their actions during the incident. We agree that it was error to permit the jury to hear that evidence — to which no objection was made when it came in — without any curative instructions. As there was only a minimal risk that the evidence influenced the jury in reaching their verdict, however, we conclude that there was no substantial risk of a miscarriage of justice.

The problem arose in the following way. During cross-examination of Kevin Doogan, one of the two police officers involved in the incident, defense counsel asked if, prior to this incident, he had ever had occasion to use his revolver during the course of duty. Officer Doogan responded in the negative. Defense counsel then asked the witness if he "had any occasion to be warned of any misconduct." Before the witness could answer, the judge called defense counsel to the bench to express his disapproval of the inquiry, and the prosecutor also voiced his objection to the question. Defense counsel dropped the line of inquiry. On redirect examination, the prosecutor asked Officer Doogan whether he had been disciplined or cited for misconduct as a result of the incident. This time defense counsel objected. The judge at first sustained the objection, but then changed his ruling on the ground that the subject had been opened up by defense counsel. The prosecutor then attempted to put the question to the witness in various forms, but the defendant repeatedly objected. The judge intervened and asked the witness: "As a result of any of these inquiries, were you the subject of any disciplinary action or citation . . .?" Officer Doogan answered, "[N]o disciplinary actions were taken against me. As a matter of fact, I was cited with the department's medal of honor for the incident . . . ." Later, when John McCabe, the other police officer involved in the incident, was being questioned on direct, the prosecutor asked him whether he had received any awards as a result of the incident, and the answer was, "Yes, sir, the medal of honor." Finally, during his closing argument, the prosecutor mentioned that the officers had been commended. On none of the occasions when medals of honor or commendations were mentioned did defense counsel object, move to strike, or ask for curative instructions. No curative instructions were given.

The evidence that the officers had received medals of honor was not properly before the jury. The subject of the official police inquiry into possible misconduct on the part of the officers was first brought up by defense counsel, and the defendant does not claim on appeal that it was error for either the judge or the prosecutor to ask about any possible citations for misconduct. The problem first arose when Officer Doogan gave an unresponsive answer mentioning the medal of honor. As evidence of the fact of

receipt of the medal, it was irrelevant. See *Commonwealth* v. *Grammo*, 8 Mass. App. Ct. 447, 455-456 (1979). As evidence that the officers' conduct was worthy of a medal of honor, it was inadmissible hearsay. More significantly, by suggesting that the officers' testimony had been tested before a reliable official body and been believed, the evidence unfairly buttressed the officers' credibility, compare *Commonwealth* v. *Sapoznik*, 28 Mass. App. Ct. 236, 246 (1990), and put an official stamp of approval on their conduct. The evidence bore on the precise issue before the jury. One might reasonably assume that a medal of honor would have been awarded only if the officers had shot the defendant as he was threatening them with a gun, but not if they had shot the defendant in the back. Immediate curative instructions should have been given when the subject of the commendation was first mentioned, and no further references to it should have been allowed.

The defendant concedes that a substantial risk of miscarriage standard is applicable to our review. We would reverse the conviction were it not for the overwhelming evidence of the defendant's guilt. The two officers gave consistent testimony about the incident, and the fact that they both fired at the same time suggests the truthfulness of their testimony. The defendant, on the other hand, related an implausible account of his activities, including his explanation of how he came into possession of the gun. It is the testimony of a medical expert, taken together with the defendant's own account of the order in which he received the three shots, however, that confirms most convincingly the officers' version. Dr. Walter Koltun, a Peter Bent Brigham Hospital surgeon, expert in gunshot wounds, testified that two of the three bullets entered the defendant's torso from the front and exited from the back, and a third shot entered through the defendant's neck and exited through his cheek. At oral argument defense counsel suggested that the defendant could have had his back to the officers when he was first shot through the cheek and then spun around to be shot twice in the front. The defendant testified at trial, however, that the shot through his cheek was the last of the three and that he received it as he was falling to the ground. The evidence is thus strong that the defendant was struck by the bullets as he was facing the officers, not with his back turned to them.

The jurors appear to have taken their responsibilities seriously, acquitting the defendant of one of the two charges of assault by means of a dangerous weapon. The error at trial was unfortunate, but it is most unlikely that the jurors were influenced by mention of the commendations, and there was no substantial risk, therefore, of a miscarriage of justice.

*Judgment affirmed.*

*Yvonne P. Toyloy*, Committee for Public Counsel Services, for the defendant.

*Susan Underwood*, Assistant District Attorney, for the Commonwealth.